Eastern District of Kentucky
F I L E D
NOV 0 8 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 06-58-GWU

TINA BRYANT
FOR JACOB A. SUTTON (a child), PLAINTIFF

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY DEFENDANT

## INTRODUCTION

Tina Bryant appeals from the negative administrative decision on her son Jacob A. Sutton's application for Child's Supplemental Security Income (SSI) benefits. The case is before the Court on cross-motions for summary judgment.

## LAW APPLICABLE TO CHILD'S SSI BENEFITS

As of 1996 strict standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

Bryant for Sutton

equal in severity one of the Listing of Impairments found at 20 C.F.R. Part 404, Subpart P, Appendix 2. 20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any Listing of Impairments sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. Section 416.924. If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI. Section 416.926a. Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning). Id.

## DISCUSSION

The administrative law judge (ALJ) concluded that Sutton, a five-year old boy, suffered from a communication disorder. (Tr. 13, 17). The limitations resulting from this condition were found not to meet, medically equal or functionally equal the requirements of any of the Listing of Impairments. (Tr. 17). Therefore, the plaintiff could not be considered totally disabled. (Tr. 17).

In the present action, Sutton contends that he functionally equalled a Listing. However, the ALJ found, and Sutton's representative concedes, that the plaintiff was not limited in any of the six functional domains with the exception of interacting and relating with others. The ALJ determined that the claimant's limitation in this

domain was "marked" (Tr. 16), while Sutton's representative asserts that the ALJ should have found this to have been an "extreme" limitation which "functionally equaled" a Listing.

The undersigned concludes that the ALJ properly found that Sutton's limitation in the domain of interacting and relating with others was "marked" rather than "extreme." The record was reviewed by Dr. Jo Anne Sexton and Dr. Humilidad Anzures, each of whom rated the plaintiff's ability to function in this area as "marked." (Tr. 175, 184). Dr. Sexton noted a number of reasons for this conclusion in her report, including findings that speech was 80 percent intelligible to the familiar, and 60 percent intelligible to the unfamiliar listener and that speech was noted to be improved with repetition. (Tr. 178). No treating or examining physician specifically contradicted these opinions and, so, they provide strong support for the administrative decision.

Sutton's representative argues that the ALJ erred in rejecting the opinion of J. Greer (Tr. 100-101), the plaintiff's treating speech and language pathologist. The ALJ indicated that this opinion was not entitled to great weight because her credentials were not provided and it could not be determined that Greer was an "acceptable medical source." (Tr. 14). The claimant's representative asserts that the form indicates that Greer is a speech and language pathologist. (Tr. 100). However, the administrative regulations provide that for a speech and language pathologist to be considered an "acceptable medical source," he or she must either

Bryant for Sutton

be fully certified by the state education agency or hold a Certificate of Clinical Competence from the American-Speech-Language-Hearing Association. 20 C.F.R. Section 416.913(a)(5). Neither is indicated in the sparse two-page record submitted by Greer and, so, this opinion was not binding on the ALJ.[1]

Sutton's representative also asserts that the report of speech and language pathologist Rita Lukat, an examining consultant, supports the plaintiff's claim that he suffers from an "extreme" impairment in the domain of interacting with and relating with others. Lukat did state at one point that the claimant would have "an extreme amount of difficulty making himself understood by familiar and unfamiliar listeners" due to an articulation problem (Tr. 164, 165). However, the examiner also stated that the boy would have no difficulty listening to and following age-appropriate directions, understanding vocabulary, comprehending and repairing miscommunications, or "using his speech for social communication." (Tr. 165). These would also be factors in interacting and relating with others. Thus, these overall findings are compatible with a "marked" rather than an "extreme" restrictions. Neither reviewer who saw Lukat's report thought that the plaintiff would have an "extreme" restriction. Therefore, the Court finds no error.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment

---

[1] Had this information been submitted, the result on appeal may have been different.

Bryant for Sutton

motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8 day of November, 2006.

*/s/ G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE